UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| RONALD D. TURNER and <br> WILLIAM L. WARREN, <br><br> Plaintiffs, <br><br> V. <br><br> PULASKI FISCAL COURT, <br><br> Defendant. | Case No. 6:17-cv-00028-GFVT <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Ronald D. Turner and William L. Warren contend they were passed over for promotion due to their age. They also claim their due process rights were violated as a result of Pulaski County's promotional process. As explained below, Pulaski County failed to hire either of the plaintiffs to the Tile Foreman position in 2015, instead hiring a younger Ryan Price. Turner and Warren identified enough facts to establish a prima facie case for age discrimination, and they sufficiently demonstrated that Pulaski County's nondiscriminatory reason for the employment decision was pretextual. However, Turner and Warren did not respond to Pulaski County's request for summary judgment on the due process claim. Therefore, for the reasons stated below, Pulaski Fiscal Court's motion for summary judgment is **DENIED IN PART** and **GRANTED IN PART**.

I

In September 2015, Pulaski County was looking to fill the position of Tile Foreman, a

supervisory position within the Pulaski County Road Department.[1] [*See* R. 16-2.] While the job description does not contain any mandatory qualifications, the description does list as desirable qualifications: experience with employee supervision; "considerable knowledge of the methods, materials, equipment maintenance and repair of roads"; and the "[a]bility to supervise employees and assign various tasks to complete projects." [*Id.*]

In 2015, Plaintiff Ronald D. Turner had more than 26 years' experience with the Pulaski County Road Department. [R. 1 at 1.] His most recent stint with Pulaski County began in 2006 when he was 51 years old. [*See* R. 16-19 at 3-4.] At that time, he served approximately three months in a supervisory role as a Bridge Foreman, but since that time Turner has been employed as a machinery operator, which is a non-supervisory position. [R. 16-1 at 2.] He previously applied for the Tile Foreman position, but was not hired. [*See* R. 16-19 at 4.] When Pulaski County made the personnel decision in question, Turner was 60 years old. [R. 21 at 2.]

In 2015, Plaintiff William L. Warren had approximately 20 years' experience with Pulaski County. [*See* R. 1 at 1.] He was approximately 46 years old when he was hired, and he has served as a truck driver for the entirety of his employment with Pulaski County. [*Id.*; R. 16-20 at 8.] He has never served in a managerial role. [R. 16-20 at 9-10.] He previously applied for the Tile Foreman position twice, but was not hired. [*See* R. 16-20 at 3-5.] Warren was 64 years old when Pulaski County made the personnel decision at issue. [R. 21 at 2.]

Pulaski County maintains a Personnel Policies and Procedures Manual, copies of which both Turner and Warren received and acknowledged reviewing. [*See* R. 16-5; R. 16-8.] While

---

[1] Defendant submitted as an attachment to its Motion for Summary Judgment a Pulaski County Position Description for the position of Road Crew Foreman. [R. 16-2.] In Plaintiffs' Complaint, and most of the record as a whole, the position in question is a Tile Foreman position. [*See, e.g.* R. 1; R. 16-1.] In an attachment to Plaintiffs' Response in Opposition [R. 21], Plaintiff Turner describes the responsibilities of a Tile Foreman to consist of being a machine operator, and having supervisor responsibilities over other equipment operators. [*See* R. 21-4 at 7.] Since the parties make no distinction between a Road Crew Foreman and a Tile Foreman, the Court will, for the purposes of this Motion, consider the positions to be one in the same.

the Manual states that applicants for positions must submit application forms provided by the county, nothing in the Manual mandates Pulaski County officially post job openings. [*See generally* R. 16-4.] Pulaski County never formally posted the Tile Foreman position in the fall of 2015 [R. 16-1 at 10], but both Turner and Warren knew the Tile Foreman position was open as the previous Tile Foreman was retiring. [*See* R. 16-19 at 8; R. 16-20 at 6.] Ultimately, Pulaski County hired Ryan Price to fill the open Tile Foreman position. [R. 1 at 2.] Ryan Price is younger than both Turner and Warren, and has less experience with the county. [*Id.*]

Turner and Warren previously filed EEOC complaints. [*Id.*] In December 2016, they both received their EEOC right-to-sue letters. [*Id.*] In February 2017, Turner and Warren brought suit against Pulaski County Fiscal Court for violation of the Age Discrimination in Employment Act (ADEA) and the Kentucky Civil Rights Act (KCRA) for passing them over for the Tile Foreman position in 2015. [*See generally* R. 1.] Pulaski County now seeks summary judgment.

## II

### A

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corporation of the President of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Stated another way, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477

U.S. at 252.

The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant has satisfied this burden, the non-moving party must go beyond the pleadings and come forward with specific facts demonstrating the existence of a genuine issue for trial. Fed. R. Civ. P. 56; *Hall Holding*, 285 F.3d at 424 (citing *Celotex*, 477 U.S. at 324). Moreover, "the nonmoving party must do more than show there is some metaphysical doubt as to the material fact. It must present significant probative evidence in support of its opposition to the motion for summary judgment." *Hall Holding*, 285 F.3d at 424 (internal citations omitted).

When applying the summary judgment standard, the Court must review the facts and draw all reasonable inferences in favor of the non-moving party. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, the Court is under no duty to "search the entire record to establish that it is bereft of a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001). Rather, "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *Id*.

**B**

Mr. Turner and Mr. Warren allege Pulaski County Fiscal Court violated their rights under the ADEA and the KCRA. Under both the ADEA and the KCRA, employers are prohibited from refusing to promote someone because of the individual's age. *See* 29 U.S.C. § 623(a)(1);

Ky. Rev. Stat. Ann. § 344.040(1). Age discrimination claims brought under the KCRA are "analyzed in the same manner" as claims brought under the ADEA. *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 393 (6th Cir. 2008) (citing *Harker v. Fed. Land Bank of Louisville*, 679 S.W.2d 226, 229 (Ky. 1984)). "The ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination." *Geiger v. Tower Auto.*, 579 F.3d 614, 620 (6th Cir. 2009) (quoting *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 153 (2000)).

A plaintiff may prove age discrimination through the use of direct or circumstantial evidence. *Id*. "Direct evidence of discrimination is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Id.* Circumstantial evidence is "proof that does not on its face establish discriminatory animus, but does allow a fact finder to draw a reasonable inference that discrimination occurred." *Id.* In this case, Plaintiffs have neither produced any direct evidence of discrimination, nor argued direct evidence exists. Thus, Mr. Turner and Mr. Warren bear the burden of proving a circumstantial case of age discrimination.

In the Sixth Circuit, when a plaintiff seeks to prove intentional discrimination under the ADEA with circumstantial evidence, the *McDonnell Douglas* framework applies. *Id*. (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 174 (2009)). Under this familiar analysis, the plaintiff must first establish a prime facie case of age discrimination. *Schoonmaker v. Spartan Graphics Leasing, LLC*, 595 F.3d 261, 264 (6th Cir. 2010) (quoting *Reeves*, 530 U.S. at 153). If the plaintiff is successful, the burden then shifts to the defendant employer to "articulate a legitimate nondiscriminatory reason for the adverse employment action." *Id*. (citing *Allen*, 545 F.3d at 394). Once this showing has been made, "the burden of production shifts back to the

plaintiff to show that the employer's explanation was a mere pretext for intentional age discrimination." *Id.* Importantly, though the burden of production shifts throughout the analysis, "[t]he burden of persuasion, however, remains on the ADEA plaintiff at all times to demonstrate that age was the 'but-for' cause of their employer's adverse action." *Id.* (citing *Geiger*, 579 F.3d at 620; *Gross,* 557 U.S. at 623 n.4).

1

Under the ADEA, for Turner and Warren to establish a prima facie case of age discrimination in this failure-to-promote case they must prove that: (1) they were over forty years old at the time of the alleged discrimination and thus belonged to a protected class; (2) they applied for, and were qualified for, the promotion; (3) they were considered for and denied the promotion; and (4) they were rejected in favor of a similarly qualified person who is not a member of the protected class. *See Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 812-13 (6th Cir. 2011) (citing *White v. Columbus Metro. Hous. Auth.*, 429 F.3d 232, 240 (6th Cir. 2005)). The only criteria in dispute in this prima facie determination is whether Turner and Warren applied for the Tile Foreman position and whether they have shown that they possessed similar qualifications as the younger individual selected for the promotion. [*Id.* at 11-13.]

Generally, to satisfy the second criterion of a prima facie case of age discrimination, a plaintiff must show she applied for the relevant position. *Provenzano*, 663 F.3d at 812. However, the Sixth Circuit has acknowledged that certain exceptions to the formal application rule exist. *See Wanger v. G. A. Gray Co.*, 872 F.2d 142, 145 (6th Cir. 1989). First, "[b]ecause an employer may create an atmosphere in which employees understand that their applying for certain positions is fruitless, even nonapplicants can in appropriate circumstances qualify for relief." *Id.* (quoting *Babrocky v. Jewel Food Co. and Retail Meatcutters Union, Local 320*, 773

F.2d 857, 867 (7th Cir. 1985); *See also Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 367-68 (1977). Second, nonapplicants may qualify for relief in situations where an employer has a practice of hiring without posting the position or without asking for applications. *See Wanger*, 872 F.2d at 146. Under this exception, plaintiffs must show that they would have applied for the position had they known about the opening, and, in establishing as much, a plaintiff must show more than mere general interest in the position. *Id.*

The Sixth Circuit later expanded the second *Wanger* exception by stating that a nonapplicant may, under certain circumstances, qualify for relief where he made "a reasonable attempt to demonstrate to the employer that he is interested in the job." *Grant v. Harcourt Brace Coll. Publishers*, No. 98-3829, 1999 WL 717982, at *4 (6th Cir. 1999) (citing *EEOC v. Metal Serv. Co.*, 892 F.2d 341, 348-49 (3d Cir. 1990) (listing cases in which nonapplicants established prima facie cases of discrimination by showing a reasonable attempt to demonstrate interest in open position)). While "[a] generalized expression of interest in a position will not qualify as an application for employment," the Sixth Circuit has acknowledged that "putting the employer on specific notice of interest is usually sufficient." *Grant*, 1999 WL 717982, at *4 (citing *Whalen v. Unit Rig, Inc.*, 974 F.2d 1248, 1251 (10th Cir. 1992)). Additionally, in *Dews v. A.B. Dick Co.*, the Sixth Circuit held,

> when the employer does not notify its employees of the available promotion *or* does not provide a formal mechanism for expressing interest in the promotion . . . the company is held to a duty to consider all those who might reasonably be interested in a promotion were its availability made generally known.

231 F. 3d 1016, 1022 (6th Cir. 2000) (emphasis added). To be clear, the Court reads this holding to be disjunctive. Related to this case, then, "when the employer does not notify its employees of the available promotion . . . the company is held to a duty to consider all those who might reasonably be interested in a promotion were its availability made generally known." *Id.* Thus,

7

this expanded exception satisfies both the "applied for" component of prong two and the "considered for" component of prong three. *Id*.

Here, Turner and Warren do not claim they submitted formal applications, only that they applied consistent with the informal custom in Pulaski County. [R. 21 at 3-4.] Additionally, Turner and Warren do not argue that Pulaski County created an atmosphere in which certain employees understood applying for certain positions was fruitless, or that they were unaware of the promotional opportunity. *See Wanger*, 872 F.2d at 145-46. Therefore, in order for Turner and Warren to satisfy the second criterion of a prima facie case, they must show their informal application met the expanded reasonableness exception articulated in *Grant* and *Dews*.

Pulaski County concedes the Tile Foreman position was not formally posted. [R. 16-1 at 10.] Under the guidance of *Dews*, then, Pulaski County was obligated to consider those employees reasonably interested in the promotion. *See Dews*, 231 F. 3d at 1022. However, Turner and Warren's expression of interest had to be more than generalized. *See Grant*, 1999 WL 717982, at *4. Turner directly notified Pulaski County Fiscal Court Judges Kelley and Price of his interest in applying for the Tile Foreman position. [R. 16-19 at 8-10.] Warren submitted a handwritten resume to Judge Kelley indicating his interest in applying for the Tile Foreman position. [R. 16-20 at 6.] These expressions are sufficiently reasonable to put Pulaski County on specific notice of Turner's and Warren's interest in the Tile Foreman vacancy. *See Grant*, 1999 WL 717982, at *4.

In order to finalize their prima facie case, Turner and Warren must show they were passed over for the Tile Foreman spot in favor of a similarly qualified person who is not a member of the protected class. *See Provenzano*, 663 F.3d at 812-13. The parties do not dispute that Ryan Price, the individual Pulaski County promoted, was younger and not a member of a

protected class; therefore, the issue here is whether Price was similarly qualified for the Tile Foreman position. Turner and Warren indicate that Price was much less experienced than the plaintiffs. [R. 1 at 2.] The qualifications for the Tile Forman position were:

> High School graduate or equivalent experience. Experience in employee supervision and instruction, equipment usage and/or repair and construction policies and procedures. . . . Considerable knowledge of the methods, materials, equipment maintenance and repair of roads, related facilities and equipment. Considerable knowledge of the County Road System. Ability to supervise employees and assign various tasks to complete projects. Must be able to follow oral and written instructions. Ability to work well with employees, County Officials, and the general public.

[R. 16-2.]

Turner's qualifications include more than 25 years of on-the-job experience, two years as an assistant road foreman, and three months as bridge foreman. [R. 21 at 2.] Turner gave reasons for no longer being in those supervisory roles with Pulaski County; those reasons have nothing to do with his qualifications for the Tile Foreman position and are not at issue in this case. [*Id.*] Additionally, Turner was told he "would be hard to replace" because "nobody could run all the machinery that [he] could run." [R. 21-4 at 12.] Warren had over twenty years of on-the-job experience as a truck driver with Pulaski County, but also worked in other capacities including as a machine operator. [R. 21 at 4.] Ryan Price held the positions of truck driver and equipment operator prior to his promotion to Tile Foreman. [R. 16-9.] Additionally, simply based on Price's year of birth, 1987, he has much less work experience than either Turner or Warren. [*See* R. 22-8.] Therefore, Turner and Warren, having held similar positions, have shown that Price was similarly qualified when Pulaski County promoted Price to Tile Foreman. Consequently, Turner and Warren have meet their burden of establishing a prima facie case of age discrimination under the ADEA.

2

Having found that Turner and Warren have established a prima face case of age discrimination, the burden shifts to Pulaski County to give a nondiscriminatory reason for the adverse employment decision. *See Schoonmaker*, 595 F.3d at 264. As the nondiscriminatory justification for promoting Price over Turner and Warren, Pulaski County avers that Price was more qualified for the Tile Foreman position. [R. 16-1 at 4, 11-13.] In doing so, Pulaski County states that Price "had employee evaluation scores far superior to Warren's," and "took management and road planning classes through the University of Kentucky." [*Id.* at 4.] Further, Pulaski County asserts that Turner and Warren "have failed to produce a single piece of evidence that indicates they were more, or even as qualified, as Price." [*Id.* at 11.] Pulaski County relies heavily on the assertion that "[n]ot only was Price specifically trained in management and building roads in general, but he has eagerly made himself available for overtime hours." [*Id.* at 12.]

3

Given that Pulaski County provided a legitimate, nondiscriminatory justification for promoting Price over Turner and Warren, the burden shifts back to Turner and Warren to put forth evidence to show the justification is mere pretext for the discriminatory action. *See Schoonmaker*, 595 F.3d at 264. Unfortunately, for Pulaski County, this burden is not difficult for Turner and Warren simply because the exhibits attached to Pulaski County's Motion for Summary Judgment cut against the County's own argument.

Pulaski County states Price had performance evaluations that were "far superior" to Warren's. [*Id.* at 4.] However, Pulaski County only provided two of Price's pre-promotion performance evaluations. [*See* R. 16-9.] On the first of those evaluations, dated June 27, 2008,

Price received a ranking of "Very Good" on all areas of the truck driver evaluation, with a managerial comment that reads, "Ryan is an asset to the RD. Dept[.] Very Good employee." [*Id.*] On the second of Price's submitted evaluations, dated January 17, 2012, Price received both "Good" and "Very Good" scorings for the equipment operator appraisal, with no managerial comment. [*Id.*] In an attempt to substantiate the argument, Pulaski County also submitted two of Warren's evaluations. [*See* R. 16-11.] On the first of Warren's submitted evaluations, dated September 1, 2000, Warren received both "Good" and "Very Good" ratings, with numerous comments of praise. [*Id.*] On the second of Warren's submitted evaluations, dated July 27, 2001, he received only "Very Good" markings. [*Id.*] The evaluation again contained a number of admirable comments concerning Warren's performance. [*Id.*] The evaluations submitted by Pulaski County fail to corroborate their argument that Price was more qualified than Warren based on job performance.[2]

Next, Pulaski County contends that Price was more qualified than the plaintiffs because Price took developmental classes through the University of Kentucky. [R. 16-1 at 11.] As Turner and Warren promptly pointed out in their Response to the Motion for Summary Judgement, the record indicates that Price took the courses, or at least received his certificates of completion, after the promotional decision was made. [*See* R. 16-10; R. 21 at 5.] Pulaski County promoted Ryan Price to Interim Tile Foreman at a Pulaski County Fiscal Court Meeting on September 22, 2015. [R. 22-5 at 2.] However, Price completed the "Drainage: The Key to Roads that Last" course on April 20, 2016, and he completed the "Managing People I" course on July 12, 2016.[3] [R. 16-10.]

---

[2] The Court notes that the promotion decision in question occurred in the Fall of 2015, yet the performance evaluations on which Pulaski County relies occurred years prior to the decision.

[3] Each of the two courses consisted of six professional development hours. [*See* R. 16-10.]

11

Finally, Pulaski County argues that Price was better qualified for the Tile Foreman position because "he has eagerly made himself available for overtime hours." [R. 16-1 at 12.] Notably, a candidate need not have previously worked overtime to qualify for the Tile Foreman position, but a Tile Foreman has a duty to be on-call and subject to emergency calls 24 hours per day. [*See* R. 16-2.] According to the record, Price worked a total of 35 hours of overtime. [R. 16-12.] Of those 35 hours, he received compensatory time for 23 hours, and overtime pay for 12 hours. [*Id.*] While there are no documents to suggest if Warren ever worked overtime, the record indicates he turned down overtime on one day in January of 2015. [R. 16-15.] However, Turner's payroll documents, submitted by Pulaski County, indicate Turner accumulated over 100 hours of overtime from February 2014 through September 2015. [R. 16-14.] Pulaski County nevertheless contends "he almost never took on overtime shifts." [R. 16-1 at 12.] The record simply refutes that statement. Although it appears from the record that Turner opted for overtime pay for the majority of those hours, it cannot be said that Turner did not make himself available for overtime hours.

Based mainly on the exhibits submitted by Pulaski County, Turner and Warren have more than met their burden to show that the nondiscriminatory reason for promoting Price over them was pretextual. Because Turner and Warren have established a prima facie case of age discrimination in this failure-to-promote case, and because they have shown that the reason given for promoting a younger individual over them was pretextual, their age discrimination claims survive summary judgment.

## C.

Pulaski County also moves for summary judgment on Turner's and Warren's due process claim. The Complaint claims Pulaski County violated Turner's and Warren's due process rights.

[R. 1 at 3.] Pulaski County argues that neither Turner nor Warren had a property interest in the promotion because their policies make it clear "that seniority does not entitle an employee to anything." [R. 16-1 at 14.] Turner and Warren do not thoroughly develop this claim, and they do not respond to Pulaski County's argument that the claim should be dismissed. As such, the Court will grant summary judgment on the due process claim.

### III

For the foregoing reasons, and being otherwise sufficiently advised, the Court hereby **ORDERS:**

1. Defendant's Motion for Summary Judgment [R. 16] is **DENIED IN PART** as it relates to Plaintiffs' state and federal age discrimination claims; and

2. Defendant's Motion for Summary Judgment [R. 16] is **GRANTED IN PART** as it relates to Plaintiffs' due process claims.

This 23rd day of May, 2018.

Gregory F. Van Tatenhove
United States District Judge